**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **ALEX D. MOGLIA, in his capacity as Court-appointed Receiver,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALLISON R. BEESLEY, an individual,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-cv-00384-JNP-JCB**<br><br>**Chief District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

**INTRODUCTION**[1]

Plaintiff Alex D. Moglia, in his capacity as court-appointed Receiver ("Receiver"), filed this lawsuit against pro se Defendant Allison R. Beesley ("Ms. Beesley") on May 14, 2025.[2] Ms. Beesley subsequently moved to dismiss the Receiver's complaint.[3]

East West Bank ("EWB") filed a separate lawsuit against Ms. Beesley on September 16, 2025 ("*Beesley II*").[4] Nearly five months later, on February 9, 2026, Ms. Beesley appeared pro se by moving to stay *Beesley II* "pending resolution or material advancement of" this case because the two cases were based on the same set of operative facts.[5] Ms. Beesley argued that allowing

[1] Chief District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 9.

[2] ECF No. 1.

[3] ECF No. 21.

[4] *East West Bank v. Beesley*, 2:25-cv-00812-JNP, ECF No. 2.

[5] *Beesley II*, ECF No. 8 at 5.

both cases to proceed simultaneously would result in "duplicative litigation of the same factual issues, risk inconsistent rulings concerning title to real property, and impose unnecessary burdens on the parties and the [c]ourt."[6] Although Ms. Beesley moved to stay *Beesley II*, she did not file any response to EWB's complaint under Fed. R. Civ. P. 12. On February 23, 2026, the Receiver and EWB jointly moved to consolidate the two cases.[7]

On August 18, 2026, Chief Judge Parrish denied Ms. Beesley's motion to dismiss the Receiver's complaint.[8] On the same date, Chief Judge Parrish granted the Receiver and EWB's joint motion to consolidate, consolidated the two cases, and made this case the lead case.[9] Consequently, Ms. Beesley's motion to stay *Beesley II* was transferred to this case.[10]

As a result of Chief Judge Parrish's denial of Ms. Beesley's motion to dismiss, Ms. Beesley's answer to the Receiver's complaint became due within 14 days thereafter (i.e., on September 1, 2026) under Fed. R. Civ. P. 12(a)(4)(A). Prior to that deadline, Ms. Beesley filed a motion requesting a 14-day extension of time to answer the Receiver's complaint, arguing that she needed the extension "to permit preparation of an accurate and complete responsive pleading."[11] Ms. Beesley's motion also requested clarification and extension of the deadline for

[6] *Id*. at 2.

[7] ECF No. 24.

[8] ECF No. 29.

[9] ECF No. 30.

[10] ECF No. 31.

[11] ECF No. 34 at 2.

her response to EWB's complaint because the "consolidation order does not specify a deadline by which [she] must answer or otherwise respond to [EWB]'s [c]omplaint."[12]

## ANALYSIS

For the reasons explained below, the court: (I) denies as moot Ms. Beesley's motion to stay *Beesley II*; and (II) grants in part and denies in part Ms. Beesley's motion to extend her deadlines to answer the Receiver's complaint and to respond to EWB's complaint. Each motion is addressed in order.

### I. The Court Denies as Moot Ms. Beesley's Motion to Stay *Beesley II*.

The court denies as moot Ms. Beesley's motion to stay *Beesley II* because that case is now closed as a result of the consolidation.[13] Thus, it is not possible for the court to stay *Beesley II*. Further, even if it were possible, there would be no need to stay *Beesley II* because the Receiver's and EWB's claims against Ms. Beesley are now proceeding simultaneously in this case, thereby obviating Ms. Beesley's concerns about duplicative litigation. Accordingly, the court denies as moot Ms. Beesley's motion to stay *Beesley II*.

### II. The Court Grants in Part and Denies in Part Ms. Beesley's Motion to Extend Her Deadlines to Answer the Receiver's Complaint and to Respond to EWB's Complaint.

Below, the court first outlines the legal standards applicable to Ms. Beesley's motion to extend her deadlines to answer the Receiver's complaint and to respond to EWB's complaint. Thereafter, the court rules on Ms. Beesley's requests.

[12] *Id.*

[13] *Beesley II*, ECF No. 24.

Because Ms. Beesley requested an extension of time to answer the Receiver's complaint prior to the expiration of the current deadline for doing so, her request is governed by Fed. R. Civ. P. 6(b)(1)(A), which provides that "the court may, for good cause," extend a deadline if "a request is made. . . before the original time or its extension expires." Thus, Ms. Beesley must establish only good cause for that request to be granted.

On the other hand, because Ms. Beesley requested an extension of time to respond to EWB's complaint well after the deadline for doing so, that request is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Accordingly, Ms. Beesley must show both good cause and excusable neglect for that request to be granted.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[14] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[15]

[14] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[15] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

"[G]ood cause requires a greater showing than excusable neglect."[16] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[17] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[18]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[19]

[16] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[17] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[18] *Id*. at 701 (citation modified).

[19] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citation modified); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), its analysis rested on the plain meaning of the terms" and that, accordingly, "the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified)).

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor in determining whether neglect is excusable.'"[20] "'An inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[21]

Under those standards, the court grants Ms. Beesley's request to extend her deadline to answer the Receiver's complaint because her stated reasons for needing the extension establish good cause. Additionally, Ms. Beesley is seeking the extension so she can have the Receiver's complaint resolved on its merits.[22] Accordingly, the court grants Ms. Beesley's request to extend her deadline to answer the Receiver's complaint and extends that deadline to September 15, 2026.

Turning to Ms. Beesley's request to extend her deadline to respond to EWB's complaint, the court denies that request without prejudice because she makes no attempt to show good cause and excusable neglect. Instead, Ms. Beesley merely states that the "consolidation order does not specify a deadline by which [she] must answer or otherwise respond to [EWB]'s [c]omplaint" and, accordingly, "requests that the [c]ourt extend that deadline."[23] Under the foregoing standards, those statements are insufficient to establish good cause and excusable neglect. Therefore, the court denies without prejudice Ms. Beesley's request to extend her deadline to

---

[20] *Shifers*, 2018 WL 6620865, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (citation modified).

[21] *Id*. (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (citation modified).

[22] *Herbert*, 678 F. App'x at 700 (providing "that Rule 6(b)(1) should be liberally construed to advance the goal of trying each case on the merits" (citation modified)).

[23] ECF No. 34 at 2.

respond to EWB's complaint. Ms. Beesley may renew her request by motion, but the court will not consider granting it unless she demonstrates both good cause and excusable neglect.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1. Ms. Beesley's motion to stay *Beesley II*[24] is DENIED AS MOOT.

2. Ms. Beesley's motion to extend her deadlines to answer the Receiver's complaint and to respond to EWB's complaint[25] is GRANTED IN PART and DENIED IN PART, as follows:

    a. Ms. Beesley's request to extend her deadline to answer the Receiver's complaint is granted, and that deadline is extended to September 15, 2026.

    b. Ms. Beesley's request to extend her deadline to respond to EWB's complaint is denied without prejudice.

IT IS SO ORDERED.

DATED this 28th day of August 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[24] ECF No. 31.

[25] ECF No 34.